IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BARRY TURNER II,<br><br>            Plaintiff,<br><br>    v.<br><br>UNIVERSITY OF SAN FRANCISCO SCHOOL OF NURSING AND JANE CORBETT,<br><br>            Defendants. | No. C 05-02048 JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS** |

### INTRODUCTION

This matter comes before the Court upon consideration of the motion to dismiss filed by defendants University of San Francisco School of Nursing ("USF") and Jane Corbett ("Corbett") (collectively "Defendants"). The Court has considered the parties' pleadings, relevant legal authority, and the record in this case and finds the matter suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court DENIES the motion to dismiss as to USF. The Court GRANTS the motion as to Corbett, but shall dismiss those claims with leave to amend.

### FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Barry Turner, II ("Turner") applied for admission to USF in or about 2003, and was accepted. (Compl., ¶ 3.) Turner has suffered from dyslexia since childhood and has difficulty with reading, comprehension, and writing. (*Id.*, ¶ 2.) Before Turner enrolled in USF, he and his family discussed his learning disability with USF. (*Id.*, ¶ 3.) USF's handbook

specifically provides for assistance to the learning disabled and, based on representations regarding special accommodations offered to learning disabled students, Turner enrolled in USF and moved from Kansas to California. Turner's father accompanied him to assist him in his studies. (*Id.*, ¶¶ 3-4.)

While enrolled at USF, Turner requested that he be provided with special assistance with his course work including, but not limited to, an interpreter. (*Id.* ¶ 5.) According to the allegations in the Complaint, USF denied Turner the interpreter and the other unspecified special assistance. (*Id.*, ¶¶ 6-7, 23-24.) Turner contends that as a result of these denials he received a "D" in a pharmacology class and was, thus, forced to choose between repeating a year at USF or transferring to another less prestigious nursing school. (*Id.*, ¶ 1.) Turner chose to do the latter. (*Id.*)

Turner also contends that Corbett, who taught the pharmacology course in question, made "fun of him in class and [treated] him differently from all other class members." (*Id.*, ¶ 57.)

## ANALYSIS

### A.   Legal Standards Applicable to Motions to Dismiss.

A motion to dismiss is proper under Rule 12(b)(6) where the pleadings fail to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A motion to dismiss should not be granted unless it appears beyond a doubt that a plaintiff can show no set of facts supporting his or her claim. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *see also De La Cruz v. Tormey*, 582 F.2d 45, 48 (9th Cir. 1978). In ruling on a Rule 12(b)(6) motion, the complaint is construed in the light most favorable to the non-moving party and all material allegations in the complaint are taken to be true. *Sanders v. Kennedy*, 794 F.2d 478, 481 (9th Cir. 1986). The court, however, is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged. *Cleggy v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

As a general rule, "a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir. 1994), *overruled on other grounds, Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002) (citation omitted). The Court may, however, consider the facts alleged in the complaint, documents attached to the complaint, documents relied upon but not attached to the complaint when the authenticity of those documents is not questioned, and other matters of which the Court can take judicial notice. *Branch*, 14 F.3d at 453-54; *Hal Roach Studios, Inc. v. Richmond & Feiner Co., Inc.*, 806 F.2d 1542, 1555 n.19 (9th Cir. 1989).[1]

**B.  Turner Has Set Forth Sufficient Facts to State a Claim Against USF for Violation of the ADA.**

Although Turner has alleged five causes of action against USF, the only federal cause of action is Turner's claim that USF violated Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12181, *et seq* (the "ADA").[2] Title III of the ADA provides, *inter alia*, that discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures when such modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications ... would fundamentally alter the nature of such goods ... or accommodations." 42 U.S.C. § 12182(b)(2)(A)(ii).

In order to plead and prove this claim, Turner must establish that (1) he is an individual with a disability within the meaning of the ADA; (2) he is otherwise qualified to participate in USF's program; (3) he made a request for a reasonable accommodation; and (4) his requests were denied. *See, e.g., Axelrod v. Phillips Academy, Andover,* 46 F. Supp. 2d 72, 83 (D. Mass 1999); *cf. Dubois v. Alderson-Broaddus College, Inc.*, 950 F. Supp. 754, 757 (N.D. W.Va. 1997). In his Complaint, Turner alleges that he is an individual with a disability, that he was

---

[1]  Defendants have filed a request for judicial notice. Because the documents attached thereto are not necessary to resolution of this motion, the request is DENIED AS MOOT.

[2]  USF moved to dismiss the state law claims that Turner has asserted against it solely on the ground that Turner had failed to state a valid federal claim. Because the Court concludes otherwise, USF's motion is denied with respect to the state claims as well.

3

qualified to participate in USF's program, that he requested reasonable accommodations from USF, and that those requests were denied. Therefore, Turner has set forth facts sufficient to state a claim for a violation of Title III of the ADA.

Indeed, USF has not challenged the sufficiency of Turner's allegations with respect to the elements of this cause of action. Rather, USF argues that Turner cannot maintain this cause of action because, based on his alleged disability (dyslexia), it was not required by law to provide him with an interpreter. USF may have a valid argument on this point if, indeed, Turner is using the term "interpreter" as that term is understood with respect to claims under the ADA. *See, e.g.,* 28 C.F.R. 36.303(b)(1) (referring to a requirement to provide "qualified interpreters" as an "auxiliary aid[] and service[]" for persons with hearing impairments). If Turner is not, however, using "interpreter" as a term of art, the Court could not dismiss the claim. Accordingly, the Court concludes that this issue is best resolved after the factual record has been developed and shall not dismiss the claim on this basis.

USF also contends that Turner cannot maintain a claim for a violation of 42 U.S.C. § 12189 because that section does not apply to college examinations given as a part of the standard curriculum. Again, it may be that Turner cannot maintain his claim against USF under this portion of the statute. Again, however, the Court finds that to be a matter best addressed on a motion for summary judgment. In this case, Turner alleges that USF denied him reasonable accommodations with respect to the examinations he was required to take as a USF student, and USF does not suggest that it would not be bound to afford Turner such accommodations, assuming they were reasonable, under the ADA. Thus, even if he has asserted facts under a different or erroneous legal theory, he has set forth facts sufficient to state a claim for a violation of Title III of the ADA. *See, e.g., Haddock v. Board of Dental Examiners of California*, 777 F.2d 462, 465 (9th Cir. 1985) (complaint should not be dismissed if it states a claim under any legal theory).

The Court concurs with USF's assertion that the Complaint presents a dearth of factual allegations with respect to the "special assistance" and "reasonable accommodations" Turner requested from USF. USF was not, however, without a remedy as to this complaint. If it

believed that the allegations were so vague or ambiguous such that it could not reasonably frame a responsive pleading, it could have filed a motion for a more definite statement. *See* Fed. R. Civ. P. 12(e); *cf. Volunteer Fireman's Ins. Servs.*, 221 F.R.D. at 392 ("The federal rules allow simple pleadings and rely on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of" claims without merit.). The Court finds that the allegations set forth in the Complaint provide USF with a short plain statement of the nature of Turner's claim and accordingly denies the motion as to USF.

### C. Turner's Claims Against Corbett Shall Be Dismissed With Leave to Amend.

Turner alleges claims for intentional and negligent infliction of emotional distress against Corbett, his pharmacology professor. The elements of a claim for intentional infliction of emotional distress are: (1) outrageous conduct by the defendant with intention to cause or reckless disregard of the probability of causing emotional distress; (2) severe emotional suffering; and (3) actual and proximate causation of the emotional distress. *See, e.g. Cochran v. Cochran*, 64 Cal. App. 4th 488, 494 (1998).

"[T]he negligent causing of emotional distress is not an independent tort but the tort of negligence." *Marlene F. v. Affiliated Psychiatric Med. Clinic, Inc.*, 48 Cal. 3d 583, 588 (1989) (quoting 6 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 838, p. 195 (emphasis omitted)). Accordingly, Turner must establish the traditional elements of a tort claim, namely that (1) Turner owed him a duty of care, (2) she breached that duty, and (3) caused him damages. *Id.*

The factual allegations supporting the claims for intentional and negligent infliction of emotional distress are as follows:

> Corbett ... ridiculed Turner in front of other class members. This treatment by Corbett caused extreme emotional distress and embarrassment to plaintiff as more specifically set forth below. (Compl., ¶ 5)
>
> Corbett intentionally caused plaintiff emotional distress by making fun of him in class and by treating him differently from all other class members. ... Defendant Corbett, it is alleged, intentionally harmed plaintiff by making him feel inferior to the rest of the nursing students and by giving him low grades as a result of her negative bias against plaintiff. (*Id.*, ¶ 57.)

5

> Corbett's conduct as alleged in paragraph 57 herein was negligent and a breach of her duty to exercise due care when teaching a disabled student in a difficult course such as pharmacology. (*Id.*, ¶ 58.)

Corbett moves to dismiss the intentional infliction claim on the ground that the facts set forth are insufficient to allege extreme and outrageous conduct. Even considering Rule 8(a)'s notice pleading standards, the Court agrees and shall dismiss that claim. *See, e.g., Cochran*, 65 Cal. App. 4th at 496 ("the tort does not extend to 'mere insults, indignities, threats, annoyances, petty oppressions or other trivialities'") (emphasis omitted). However, because the Court cannot conclude that there are no facts on which Turner could state a claim, the dismissal is without prejudice and he shall be given leave to amend this claim. *Conley*, 355 U.S. at 45-46 (complaint should not be dismissed unless it appears beyond a doubt that no facts exist that could support a claim).

Corbett argues the negligent infliction claim must be dismissed because as a matter of law, she does not owe Turner a duty of care. Corbett relies on *Chevlin v. Los Angeles Community College District,* 212 Cal. App. 3d 382 (1989) and *Peter W. v. San Francisco Unified School District*, 60 Cal. App. 3d 814 (1976) for this proposition. Those cases are distinguishable because the plaintiffs in *Chevlin* and *Peter W.* essentially were arguing that they were not adequately educated by the defendants. Turner, in contrast, does not appear to be challenging the education he received from Corbett while attending her class or her teaching methods, but challenges Corbett's treatment of him while teaching that class.

"The Supreme Court has cautioned that, in reviewing the sufficiency of the complaint, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims. Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test." *McGary v. City of Portland*, 386 F.3d 1259, 1261 (9th Cir. 2004).

It may be that Turner will be unable to prevail on this claim, and the Court recognizes that whether Corbett owes Turner a duty of care is a question of law." *Marlene F.*, 48 Cal. 3d at 588. Thus, although in some cases the question could be resolved on a motion to dismiss,

6

given the factual record in this case and the minimal briefing on the issue, this Court shall leave the determination of whether Corbett owed Turner a duty to another day. Because, however, Turner's negligent infliction claim necessarily depends upon the factual allegations of his intentional infliction claim, *see Compl.*, ¶ 62, the Court also shall dismiss this claim with leave to amend. In any amended Complaint, Turner shall more clearly set forth the basis of the duty of care that he alleges Corbett owes him.

## CONCLUSION

For the reasons set forth herein, USF's motion to dismiss is DENIED. Corbett's motion to dismiss is GRANTED with leave to amend. The hearing set for December 2, 2005, is VACATED, and the Case Management Conference shall be CONTINUED to January 27, 2006 at 1:30 p.m.

Turner shall file his amended complaint, if any, by December 9, 2005. If Turner chooses not to amend by that date, the claims against Corbett shall be dismissed with prejudice and USF's answer shall be due twenty days thereafter. If Turner files an amended complaint, Defendants' responsive pleadings shall be due twenty days after it is filed and served.

**IT IS SO ORDERED.**

Dated: November 18, 2005

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE